# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

LIFE ALERT EMERGENCY RESPONSE,
INC., a California corporation,

      Plaintiff,

   v.

CONNECT AMERICA.COM, LLC, a
Delaware limited liability company,
KENNETH GROSS, an individual,
LIFEWATCH, INC., a New York corporation,
EVAN SIRLIN, an individual, LIVE AGENT
RESPONSE, 1 LLC, a Florida limited liability
company, GREG SMALL, an individual,
TRILOGY INVESTMENT, LLC,  Florida
limited liability company, and DOES 1 to 10,
inclusive,

      Defendants.

CIVIL ACTION **14 MISC 0 4 1 2**

Case No.:

No.: CV13-03455 JAK (SSx)
(pending in the Central District of California)



---

### DEFENDANT LIFEWATCH, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S NON-PARTY SUBPOENA TO COMMUNITY NATIONAL BANK

THE SULTZER LAW GROUP, P.C.
77 Water Street, 8th Floor
New York, New York 10005
(646) 722-4266

Attorneys for Defendant
Lifewatch, Inc.

On the Brief:
    Joseph Lipari, Esq.
    liparij@thesultzerlawgroup.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………… …………………………………………………………1

BACKGROUND………………………………… ………………… ……… ………………1

LEGAL ARGUMENT………………………………………………………………………5

     A. LIFEWATCH HAS STANDING TO QUASH THE SUBPOENA TO COMMUNITY NATIONAL BANK ……….. …………………………………………………………………5

     B. THE SUBPOENA TO COMMUNITY NATIONAL BANK SHOULD BE QUASHED…………… …………………………………………………………………..6

CONCLUSION………… ………………… ……………………… ……… … ……………8

# TABLE OF AUTHORITIES

## Cases

*Balance Point Divorce Funding, LLC v Scrantom,*
   2014 U.S. Dist. LEXIS 16381 *3-4 (S.D.N.Y February 3, 2013)..........................7

*Carey v Berisford Metals Corp.,*
   1991 U.S. Dist. LEXIS 3776, *22 (S.D.N.Y. March 28, 1991)...............................5

*Chazin v Lieberman,*
   129 F.R.D. 97 (S.D.N.Y. 1990)................................ .................... ..........6

*EM Ltd v Republic of Argentina,*
   695 F.3d 201, 207 (2d Cir. 2012)..... ........... ....... .......................................7

*Frates v Pantry Pride, Inc ,*
   1985 U.S. Dist. LEXIS 15615, *2 (S.D.N.Y. September 25, 1985)..... .....................7

*Kaufman v. Edelstein,*
   539 F.2d 811, 822 (2nd Cir. 1976)...... ......... ....... ................................... ...7

*Kingsway Fin Servs Inc. v Pricewaterhouse-Coopers LLP,*
   2008 U.S. Dist. LEXIS 77018, *14 (S.D.N.Y. October 2, 2008) .............................7

*Mattel, Inc v Walking Mountain Prods ,*
   353 F.3d 792, 813-14 (9th Cir. 2003)......... ........... ....... .............................7

*Noel v Bank of New York Mellon,*
   2011 U.S. Dist. LEXIS 84106, *4-5 (S.D.N.Y. July 27, 2011)................................7

*Sierra Rutile Ltd v Katz,*
   1994 U.S. Dist. LEXIS 6188, *2 (S.D.N Y. May 11, 1994)......................... .........6

*Syposs v. United States,* 181 F.R.D. 224, 227 (W.D N.Y. 1998)........................................6

**Rules**

F.R.C.P. 45..................................................................................................................1, 5, 6

F.R.C.P. 45(d)(3)(B)(i) .... ....... ......... ......... ... ...... .... ......... .............……..…………5

F.R.C.P. 45(d)(3)(A)(iv)..................................……… .............…... ....… ……..7

F.R.C.P. 53....................................... ..............….............. .......…….……....3

F.R.C.P. 45(d)(3)(A)............................…... ...…..… ......….....….….…..…..….…………5

F.R.C.P. 45(d)(3)(B)...........................................…..............…………..…………5

F.R.C.P. 45(c)........................................…...…......………..….….…..……...5

## PRELIMINARY STATEMENT

Lifewatch, Inc. ("Lifewatch"), by and through its undersigned counsel, respectfully moves this Honorable Court for an Order under F.R.C.P. 45, quashing Life Alert Emergency Response, Inc.'s ("Life Alert") subpoena to Community National Bank.  As set forth herein, Lifewatch asserts that the subpoena must be quashed inasmuch as it is a blunderbuss request for disclosure of commercially sensitive financial information that it is not relevant and material to the claims at issue in the underlying litigation.

## BACKGROUND

Lifewatch is a decades-old New York corporation with approximately 90 employees located in Lynbrook, Long Island.  Lifewatch prides itself on providing quality emergency monitoring goods and services to elderly, disabled, and seriously ill individuals throughout the United States.

Lifewatch and Life Alert, a California company, are competitors in the personal emergency response services market.  Life Alert is attempting to drive Lifewatch—a small local company—out of business, which would allow Life Alert to dominate the personal emergency services market.  To that end, Life Alert has forwarded threatening letters to Lifewatch's banks and credit card processors, making false statements about the company's business practices in hopes that they will cease doing business with Lifewatch  And, Life Alert initiated a trademark suit against Lifewatch in the United States District Court for the Central District of California (Civil Action No. 2:13-cv-03455-JAK-SS).  Lipari Decl., Ex. A.  In its Amended Complaint, Life Alert alleges that Lifewatch has engaged in a telemarketing "scam." More specifically, Life Alert alleges that Lifewatch telemarkets its products and services, and that during the course of the telemarketing calls, Lifewatch uses Life Alert's purported trademarks ("Help I've fallen and I

1

can't get up" and "I've fallen and I can't get up") in an effort to confuse customers.[1]  *Id*  This is
untrue, and the parties are scheduled to try the case on or about April 28, 2015.

Lifewatch does not telemarket or employ telemarketers. Rather, in addition to more
"traditional" forms of advertising and marketing, Lifewatch enters into Purchase Agreements
with various outside sales companies. Pursuant to these Purchase Agreements, the outside
companies originate customer accounts through, among other methods, telemarketing. The
outside companies then offer to sell those accounts to Lifewatch on a non-exclusive
basis. Lifewatch expressly provides in its contracts with all outside companies from whom it
purchases customer accounts that these companies must comply with all state and federal laws in
originating the accounts. Even if, *arguendo*, an employee of an outside sales company uttered
some variation of the trademarks at issue during the course of a telemarketing call, it was an
aberrational event and Lifewatch did not know about it and cannot be held liable for such actions
as a vicarious or contributory infringer.

Life Alert is using this litigation as a tool to gain access to Lifewatch's trade secrets.
Notably, immediately after Life Alert initiated this litigation, Life Alert served discovery
requests for production of Lifewatch's confidential customer lists.

Notwithstanding Life Alert's allegation that Lifewatch is engaged in a "scam" and that it
"scams" prospective customers, Lifewatch has not received a single complaint from any of its
customers that they were swindled into purchasing Lifewatch's products and services. And,
while hundreds of thousands of elderly and handicapped customers purchase emergency medical
response equipment and services, Plaintiff has only come forward with a handful of dubious

---

[1] Further, Life Alert alleges that Lifewatch's website slogans—"I'm never alone with Lifewatch" (appearing next to
a photograph of product spokesman Dick Van Patten) and "Enjoy 24/7 Peace of Mind"—infringe on Life Alert's
purported trademark "Life Alert You Are Never Alone 24/7."

affidavits, one of which was from their own employee, detailing Lifewatch's allegedly infringing conduct.

During the course of the litigation, Lifewatch produced over a thousand pages of documents responsive to Life Alert's 200 discrete requests. Lifewatch also produced two corporate witnesses who provided over 16 hours of videotaped deposition testimony. In stark contrast, Life Alert resisted efforts to depose Life Alert witnesses and unilaterally imposed a written discovery stay. In view of this discovery stay, the fair exchange of written discovery ceased. Due to the numerous discovery disputes between the parties, the Court appointed Special Master Honorable Patricia L. Collins pursuant to Rule 53 of the Federal Rules of Civil Procedure. The Special Master has jurisdiction over all pretrial discovery disputes. The parties filed motions to compel before Judge Collins on December 9, 2014. In its motion, Lifewatch agreed to produce certain categories of relevant financial information once the court lifted the stay that Life Alert had improperly imposed.

A. Life Alert's Subpoena to Community National Bank

On or about December 2, 2014, Life Alert served Community National Bank with a subpoena *duce tecum*, returnable on December 17, 2014. Lipari Decl., Ex. C. Pursuant to that subpoena, Community National Bank is required to produce the following documents at 30 Rockefeller Plaza, New York, NY 10012:

1) Any and all correspondence, email and other communications between Community National and LifeWatch that refer or relate to the LifeWatch Operating Account
2) Any and all bank statements for the LifeWatch Operating Account.
3) Any and all account statements for the LifeWatch Operating Account.
4) Any and all check registers or any other type of register that refer or relate to the LifeWatch Operating Account.
5) Any and all documents that refer or relate to checks issued or written from the LifeWatch Operating Account
6) Copies of all checks issued or written from the LifeWatch Operating

3

Account.

7) Any and all electronic transfer records that refer or relate to the LifeWatch Operating Account.
8) Any and all documents that refer to or relate to deposit records for the LifeWatch Operating Account.
9) Any and all documents that refer or relate to withdrawal records for the LifeWatch Operating Account.
10) Any and all financial statements for the LifeWatch Operating Account or any other accounts opened or held by LifeWatch at Community National.
11) Any and all documents that refer or relate to wire transfers from the LifeWatch Operating Account to any bank account in the name of Worldwide including, but not limited to, a Bank of America N A. account with an account number ending in -5029.
12) Any and all documents that refer or relate to wire transfers from the LifeWatch Operating Account to any bank account in the name of Global including, but not limited to, a Bank of America, N.A account with an account number ending in -2176.
13) Any and all documents that refer or relate to wire transfers from the LifeWatch Operating Account to any bank account in the name of American including, but not limited to, a SunTrust Bank account with an account number ending in -9098.
14) Any and all documents that refer or relate to wire transfers from the LifeWatch Operating Account to any bank account held by or in the name of any Outside Seller.

On December 3, 2014, Lifewatch sent a letter to Life Alert wherein Lifewatch expressed

its intention to move to quash the non-party subpoena and requested a meet and confer. Lipari

Decl., Ex. D. A meet and confer occurred on December 4th and again on December 5th. And,

although Life Alert indicated that it might be amenable to narrowing the subpoena and that it

would inform Lifewatch of its decision on December 8th, Life Alert still has not expressed its

willingness to withdraw or narrow the subpoena. Lifewatch brought this subpoena dispute to the

Special Master, but Life Alert insisted that the Special Master did not have jurisdiction to resolve

the issue. The Special Master directed that the third-party recipient of the subpoena *duces tecum*

be notified of Lifewatch's intention to move to quash, and therefore refrain from producing any

materials or information responsive to Life Alert's subpoena until the local court has ruled on

Lifewatch's motion.

4

## LEGAL ARGUMENT

Federal Rule of Civil Procedure Rule 45(d)(3)(A) sets forth the basis for a court to quash or modify a subpoena. In particular, it provides:

> [o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow reasonable time for compliance,
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

Additionally, in the event the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information[,]" "the court may . . . quash . . . the subpoena . . ." Fed. R. Civ. P 45(d)(3)(B).

### A. LIFEWATCH HAS STANDING TO QUASH THE SUBPOENA TO COMMUNITY NATIONAL BANK

Generally, where a party to a case seeks to challenge a subpoena served upon a third-party pursuant to F.R.C.P. 45, that party will not have standing "unless the party claims some personal right or privilege with regard to the documents sought " *Carey v Berisford Metals Corp*, 1991 U.S. Dist. LEXIS 3776, *22 (S.D.N.Y., March 28, 1991). Even where a party makes no claim of right or privilege, Rule 45 allows the court to "quash or modify a subpoena" where that subpoena requires "disclosing a trade secret or . . . commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). It is well-established under New York law that a party whose bank

5

records are sought through a third-party subpoena has standing to challenge that subpoena. *Syposs v United States*, 181 F.R.D. 224, 227 (W.D.N.Y. 1998)("[D]iscovery of bank records through a third-party subpoena has been held subject to judicially imposed conditions and the party whose records are at issue to have standing to move against the subpoena.")(citing *Sierra Rutile Ltd v Katz*, 1994 U.S. Dist. LEXIS 6188, *2 (S.D.N.Y., May 11, 1994); *Chazin v. Lieberman*, 129 F.R.D. 97 (S.D N.Y 1990)).

Here, Lifewatch has standing to quash Plaintiff's December 2, 2014 third-party subpoena to Community National Bank because it claims a "privilege with regard to the documents sought" by Life Alert, including confidential and commercially sensitive bank records and financial data, which would unduly burden Lifewatch if turned over to Plaintiff—one of Lifewatch's major competitors. Plaintiff seeks the production of documents containing sensitive financial information, including, *inter alia*, "bank statements," "account statements," "transfer records," "deposit records," and "withdrawal records." Lipari Decl., Ex. C. The production of such commercially sensitive financial information would result in an undue burden for Lifewatch, impairing the company's ability to conduct its business by revealing to a major competitor its vendors, expenses, operating information, and other commercially sensitive information that Lifewatch has a right to keep confidential. And, none of this information is relevant to the underlying allegations that Lifewatch infringed on LifeAlert's trademark and engaged in unfair competition. Lifewatch, therefore, has standing and a basis to quash Plaintiff's subpoena to Community National Bank.

## B. **THE SUBPOENA TO COMMUNITY NATIONAL BANK SHOULD BE QUASHED**

Although relevance is not one of the enumerated reasons under Rule 45 for quashing a subpoena, courts have incorporated relevance as a factor when determining motions to quash.

6

*Noel v Bank of New York Mellon*, 2011 U.S. Dist LEXIS 84106, *4-5 (S.D.N.Y. July 27, 2011)("Whether a subpoena imposes an 'undue burden' depends on factors including relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed."). Specifically, under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), a court must "quash or modify" any subpoena that imposes on the recipient an "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Moreover, the party seeking the production bears the burden of demonstrating relevance as an initial matter. *Balance Point Divorce Funding, LLC v. Scrantom*, 2014 U S. Dist. LEXIS 16381 *3-4 (S D N.Y., February 3, 2013). Only "[o]nce the party issuing the subpoena has demonstrated the relevance of the requested documents [does] the party seeking to quash the subpoena bear[] the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *Kingsway Fin Servs Inc v Pricewaterhouse-Coopers LLP*, 2008 U.S. Dist. LEXIS 77018, *14 (S.D.N.Y. October 2, 2008). Courts have broad discretion to determine whether a subpoena is unduly burdensome. *Frates v Pantry Pride, Inc.*, 1985 U.S. Dist LEXIS 15615, *2 (S.D N.Y. September 25, 1985)(citing *Kaufman v Edelstein*, 539 F.2d 811, 822 (2nd Cir 1976); See also, *E M Ltd. v Republic of Argentina*, 695 F 3d 201, 207 (2d Cir. 2012). For example, a subpoena is considered unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of the litigation. *Balance Point Divorce Funding, LLC v Scrantom*, 2014 U.S Dist LEXIS 16381 *3-4 (S.D.N.Y , February 3, 2013); *Mattel, Inc. v Walking Mountain Prods*, 353 F.3d 792, 813-14 (9th Cir. 2003)(holding subpoenas properly quashed where their overbreadth led the court to conclude that subpoenas

7

were "served for the purpose of annoying and harassment and not really for the purpose of getting information.").

Here, the dispute involves the narrow issue of whether Lifewatch—through independent outside sellers—infringed upon Life Alert's trademarks and engaged in unfair competition through telemarketing. And, as set forth above, Lifewatch has already agreed to produce relevant financial information upon the court lifting Life Alert's unilaterally imposed discovery stay. There is simply no basis for Life Alert requesting "any and all" documents relating to Lifewatch's Operating Account   This is an impermissibly broad and unduly burdensome request for sensitive financial data by Lifewatch's direct competitor and has no relevance to Plaintiff's allegations and/or causes of action. The request is not in any way tailored to obtain the limited categories of documents that may have some relevance to Life Alert's claims. Rather, it is an attempt by Lifewatch's competitor to gain access to proprietary information relative to Lifewatch's financial condition and to learn the identities of all Lifewatch's vendors, debtors, creditors, and business partners, irrespective of whether their identities have any relevance to the litigation.

The burden that Lifewatch will face if Life Alert obtains this commercially sensitive financial information—information that is not even relevant to this case—greatly outweighs the value to Life Alert of obtaining this information. As a result, the subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, Lifewatch's motion to quash Life Alert's subpoena to Community National Bank should be granted.

8

Dated: December 11, 2014

THE SULTZER LAW GROUP, P.C.

By: _____

Joseph Lipari, Esq. (Attorney Bar No.: JL3194)
77 Water Street, 8th Floor
New York, New York 10005
Tel: (646) 722-4266
Fax: (888)-749-7747

9